UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF LOUISIANA

| | |
|---|---|
| SCOTT N. MASSON, | CIVIL ACTION NO. |
| Plaintiff | SECTION: |
| vs | MAGISTRATE: |
| PIONEER CREDIT RECOVERY, INC., a Delaware corporation, and COAST PROFESSIONAL, INC. a Nevada corporation, | **JURY TRIAL DEMANDED** |
| Defendants. | |

## CLASS ACTION COMPLAINT

NOW INTO COURT, Plaintiff, SCOTT N. MASSON (hereinafter referred to as "PLAINTIFF") by and through undersigned counsel, alleges upon knowledge as to himself and his own acts, and upon information and belief as to all other matters, and brings this complaint against the above-named defendants and in support thereof alleges the following:

### PRELIMINARY STATEMENT

1. PLAINTIFF brings this action on his own behalf and on the behalf of all others similarly situated for actual and statutory damages arising from PIONEER CREDIT RECOVERY, INC.'s and COAST PROFESSIONAL, INC.'s (hereinafter referred to as "DEFENDANTS") violations of the Fair Debt Collection Practices Act (hereinafter referred to as the "FDCPA"), 15 U.S.C. § 1692, *et seq*.

### JURISDICTION AND VENUE

2. The Court has jurisdiction over this action pursuant to the Fair Debt Collection Practices Act ("FDCPA"), 15 U.S.C. § 1692 *et seq*., and 28 U.S.C. § 1331.

3. Venue is proper pursuant to 28 U.S.C. § 1391(b) because PLAINTIFF and DEFENDANTS reside and/or do business in the Eastern District of Louisiana. Venue is also proper in this District because the acts and transactions that give rise to this action occurred, in substantial part, in the Eastern District of Louisiana.

## PARTIES

4. PLAINTIFF is a natural person residing in Metairie, Louisiana.

5. PLAINTIFF is a "consumer" as defined in the FDCPA at 15 U.S.C. § 1692a(3).

6. PLAINTIFF allegedly owes a (past due) consumer debt as defined by 15 U.S.C. § 1692a(5).

7. PIONEER CREDIT RECOVERY, INC. (hereinafter referred to as "Pioneer") is a Delaware corporation, the principal purpose of whose business is the collection of debts.

8. COAST PROFESSIONAL, INC. (hereinafter referred to as "Coast") is a Nevada corporation, the principal purpose of whose business is the collection of debts.

9. PLAINTIFF is informed and believes, and thereon alleges, that DEFENDANTS regularly collect or attempt to collect consumer debts owed or due or asserted to be owed or due another and that each DEFENDANT is a "debt collector" as defined by 15 U.S.C. § 1692a(6).

## STATEMENT OF FACTS

10. PLAINTIFF repeats, re-alleges, and incorporates by reference, paragraphs 1 through 9 inclusive, above.

11. On or about November 16, 2012, PLAINTIFF filed for Chapter 13 bankruptcy protection.

12.     Included in his total debts was a federally insured FFELP student loan with an outstanding balance of approximately $50,173.71.

13.     On or about December 17, 2012, Sallie Mae Inc. filed a proof of claim for the amount of $50,173.71.

14.     On or about January 25, 2013, the Louisiana Office of Student Financial Assistance ("LOSFA"), the guarantor, purchased the student loan.

15.     On or about March 5, 2015, PLAINTIFF was discharged from bankruptcy.

16.     On or about March 6, 2015, Pioneer called PLAINTIFF trying to collect on the student loan.

17.     On or about March 25, 2015, Pioneer sent PLAINTIFF an initial collection letter attempting to collect a principal balance of $50,569.29, $6,044.57 in interest and $12,868.79 in collection costs, attached hereto as **Exhibit 1**.

18.     Upon information and belief, neither Sallie Mae nor LOSFA ever notified the bankruptcy court that they were assessing $12,868.79 in collection costs during the bankruptcy.

19.     Further, PLAINTIFF was never sent a notice notifying him he had 60 days to "inspect and copy agency records pertaining to the loan obligation", an "opportunity for an administrative review of the legal enforceability or past-due status of the loan obligation" or "an opportunity to enter into a repayment agreement" prior to assessment of the costs. *See* 34 C.F.R. § 682.410(b)(5)(E)(ii) and (b)(6)(ii).

20.     On or about November 4, 2015, Coast called PLAINTIFF in an attempt to collect the same student loan debt.

21.     Coast advised PLAINTIFF that it was sending him a collection letter regarding the alleged debt.

22.     On or about November 16, 2015, PLAINTIFF received a letter dated November 4, 2015 entitled Notice Prior to Wage Withholding, attached hereto as **Exhibit 2**.

23.     The November 4, 2015 letter is purportedly from LOSFA.

24.     However, upon information and belief, Coast actually sent the November 4, 2015 letter. For example, the 4273 Volunteer Rd., Geneseo, NY 14454 return address to the left of the LOSFA seal is the same address as Coast's address.

25.     This is the first letter that PLAINTIFF received from Coast.

26.     The letter fails to notify PLAINTIFF of his right to dispute and request verification of the debt, pursuant to 15 U.S.C. § 1692g(a).

27.     Further, during one of his conversations with Coast, Coast misrepresented that if PLAINTIFF pursued an administrative hearing to dispute the collection costs, then PLAINTIFF would no longer be eligible for a loan rehabilitation program.

28.     On or about November 30, 2015, PLAINTIFF c/o undersigned counsel received a collection letter, from Coast, entitled Initial Demand and seeking collection of the principal balance of $50,569.29, $8,673.11 in interest and $12,199.43 in collection costs, attached hereto as **Exhibit 3**.

29.     PLAINTIFF is informed and believes and therefore alleges that PLAINTIFF and the class members are entitled to statutory damages and may have also suffered damages in other ways and to other extents not presently known to PLAINTIFF, and not specified herein. PLAINTIFF reserves the right to assert additional facts and damages not referenced herein, and/or to present evidence of the same at the time of trial.

///

## CLASS ALLEGATIONS

30. PLAINTIFF repeats, re-alleges, and incorporates by reference, paragraphs 1 through 29 inclusive, above.

31. These claims for relief are brought by PLAINTIFF individually and on behalf of the following classes:

   a. Class Number One: a nationwide class of consumers, who:
      i. Within one year prior to the filing of this action;
      ii. Received a letter from Coast;
      iii. Which violated 15 U.S.C. § 1692e(9) and (10) by falsely representing that the sender was LOSFA.

   b. Class Number Two: a nationwide class of consumers, who:
      i. Within one year prior to the filing of this action;
      ii. Received an initial letter from Coast;
      iii. Which violated 15 U.S.C. § 1692g(a) by failing to include the information required under that subsection.

   c. Class Number Three: a nationwide class of consumers, who:
      i. Within one year prior to the filing of this action;
      ii. Received a communication from Coast;
      iii. Which violated 15 U.S.C. § 1692e(10) by falsely representing that a consumer would not be eligible for a loan rehabilitation program if s/he pursued an administrative hearing.

   d. Class Number Four: a nationwide class of consumers, who:
      i. Within one year prior to the filing of this action;

        ii. Received a collection attempt from Pioneer or Coast;

        iii. Which violated 15 U.S.C. § 1692f(1) by attempting to collect unauthorized costs where the consumer did not receive the notices required by 34 C.F.R. § 682.410 prior to the addition of costs.

    e. Class Number Five: a nationwide class of consumers, who:

        i. Within one year prior to the filing of this action;

        ii. Received a collection letter from Pioneer or Coast,

        iii. Which violated 15 U.S.C. § 1692g(a) by having been sent more than five days after the initial communication with the consumer.

32. PLAINTIFF does not know the exact size or identities of the classes, as DEFENDANTS maintain exclusive control of such information. PLAINTIFF believes that each class includes between 1,000 and 5,000 individuals whose identities can be readily determined from DEFENDANTS' business records. Therefore, the proposed class is so numerous that joinder of all members is impracticable.

33. All class members have been affected by the same conduct. The common questions of law and fact predominate over any questions affecting only individual members of the class. These questions include, but are not limited to:

    a. Whether Coast's actions violate 15 U.S.C. § 1692e(9) and (10) by falsely representing that LOSFA is the sender of their letters;

    b. Whether Coast's initial collection letter violates 15 U.S.C. § 1692g(a) by not including the information required under that subsection;

    c. Whether Coast's actions violate 15 U.S.C. § 1692e(10), by falsely representing that a consumer would not be eligible for a loan rehabilitation

       program if s/he took advantage of an administrative hearing;

    d. Whether Pioneer's and Coast's actions violate 15 U.S.C. § 1692f(1) by attempting to collect amounts unauthorized by law;

    e. Whether Pioneer and Coast violated 15 U.S.C. § 1692g(a) by sending its initial collection letter more than five days after its initial communication with PLAINTIFF;

    f. The identities of individuals who received a collection attempt from DEFENDANT which violated the above subsections; and

    g. The total number of collection attempts that DEFENDANT made on consumers which violated the above subsections.

34. PLAINTIFF's claims are typical of the claims of the classes and do not conflict with the interests of any other class members. PLAINTIFF and the members of the classes were uniformly subjected to the same conduct.

35. Upon information and belief, Coast has a practice and policy of (1) misrepresenting the sender of its letters; (2) sending initial letters which do not provide a proper validation notice, (3) falsely representing to consumers that they will not be eligible for a loan rehabilitation program should they choose to exercise their right to an administrative hearing; (4) attempting to collect unauthorized costs where the consumer did not receive the notices required by 34 C.F.R. § 682.410 prior to the addition of costs; and (5) sending its initial collection letters more than five days after its initial communications with consumers.

36. Upon information and belief, Pioneer has a practice and policy of (1) attempting to collect unauthorized costs where the consumer did not receive the notices required by 34 C.F.R. § 682.410 prior to the addition of costs; and (2) sending its initial collection letters more

than five days after its initial communications with consumers.

37. PLAINTIFF will fairly and adequately represent the class members' interests and has retained counsel who are qualified to pursue this litigation. PLAINTIFF's counsel's firm, GESUND & PAILET, LLC, focuses on prosecuting FDCPA lawsuits. PLAINTIFF's counsel, Keren E. Gesund, also has extensive experience in prosecuting FDCPA class actions.

38. PLAINTIFF is committed to vigorously pursuing his claims.

39. A class action regarding the issues in this case does not create any problems of manageability.

40. A class action is superior for the fair and efficient adjudication of the class members' claims as Congress specifically envisioned class actions as a principal means of enforcing the FDCPA. *See* 15 U.S.C.§ 1692k. The members of the class are generally unsophisticated consumers, whose rights will not be vindicated in the absence of a class action. Prosecution of separate actions by individual members of the classes would also create the risk of inconsistent or varying adjudications resulting in the establishment of inconsistent or varying standards and would not be in the best interest of judicial economy.

41. If facts are discovered to be appropriate, PLAINTIFF will seek to certify the class under Rule 23(b)(3) of the Federal Rules of Civil Procedure.

///

///

///

///

///

# FIRST CLAIM FOR RELIEF

## VIOLATIONS OF THE FDCPA 15 U.S.C. § 1692e(9) and (10) AGAINST COAST BROUGHT BY PLAINTIFF INDIVIDUALLY AND ON BEHALF OF CLASS NUMBER ONE

42. PLAINTIFF repeats, re-alleges and incorporates by reference, paragraphs 1 through 41 inclusive, above.

43. A debt collector is prohibited from using or distributing "any written communication which simulates or is falsely represented to be a document authorized, issued, or approved by the court, official, or agency of the United States or any State, or which creates a false impression as to its source."

44. A debt collector is prohibited from using "any false representation or deceptive means to collect or attempt to collect any debt or to obtain information concerning a consumer." 15 U.S.C. § 1692e(10).

45. On or about November 16, 2015, PLAINTIFF received a letter dated November 4, 2015 entitled Notice Prior to Wage Withholding. *See* Ex. 2.

46. The November 4, 2015 letter is purportedly from LOSFA.

47. However, upon information and belief, the November 4, 2015 letter is actually the collection letter Coast told PLAINTIFF it was sending.

48. By falsely representing that LOSFA was the sender of the letter, Coast violated 15 U.S.C. § 1692e(9) and (10).

49. As a result of the FDCPA violations by Coast, PLAINTIFF is entitled to an award of statutory damages.

50.     It has been necessary for PLAINTIFF to obtain the services of an attorney to pursue this claim and PLAINTIFF, on behalf of himself and those similarly situated, and is entitled to recover reasonable attorneys' fees therefor.

## SECOND CLAIM FOR RELIEF

### VIOLATIONS OF THE FDCPA 15 U.S.C. § 1692g(a) AGAINST COAST BROUGHT BY PLAINTIFF INDIVIDUALLY AND ON BEHALF OF CLASS NUMBER TWO

51.     PLAINTIFF repeats, re-alleges and incorporates by reference, paragraphs 1 through 50 inclusive, above.

52.     Within five days after its initial communication with a consumer, a debt collector must send a written notice to the consumer containing:

>   (1)  the amount of the debt;
>
>   (2)  the name of the creditor to whom the debt is owed;
>
>   (3)  a statement that unless the consumer, within thirty days after receipt of the notice, disputes the validity of the debt, or any portion thereof, the debt will be assumed to be valid by the debt collector;
>
>   (4)  a statement that if the consumer notifies the debt collector in writing within the thirty-day period that the debt, or any portion thereof, is disputed, the debt collector will obtain verification of the debt or a copy of a judgment against the consumer and a copy of such verification or judgment will be mailed to the consumer by the debt collector; and
>
>   (5)  a statement that, upon the consumer's written request within the thirty-day period, the debt collector will provide the consumer with the name and address of the original creditor, if different from the current creditor.

15 U.S.C. § 1692g(a).

53.     On or about November 4, 2015, Coast called PLAINTIFF in an attempt to collect a consumer debt.

54. On or about November 16, 2015, PLAINTIFF received a letter dated November 4, 2015 entitled Notice Prior to Wage Withholding. *See* Ex. 2.

55. The November 4, 2015 letter was the first letter that PLAINTIFF received from Coast.

56. The letter fails to notify PLAINTIFF of his right to dispute and request verification of the debt, pursuant to 15 U.S.C. § 1692g(a).

57. By not including this information in the letter, Coast violated 15 U.S.C. § 1692g(a).

58. As a result of the FDCPA violations by Coast, PLAINTIFF is entitled to an award of statutory damages.

59. It has been necessary for PLAINTIFF to obtain the services of an attorney to pursue this claim and PLAINTIFF is entitled to recover reasonable attorneys' fees therefor.

### THIRD CLAIM FOR RELIEF

**VIOLATIONS OF THE FDCPA 15 U.S.C. § 1692e(10) AGAINST COAST
BROUGHT BY PLAINTIFF INDIVIDUALLY
AND ON BEHALF OF CLASS NUMBER THREE**

60. PLAINTIFF repeats, re-alleges and incorporates by reference, paragraphs 1 through 59 inclusive, above.

61. A debt collector is prohibited from using "any false representation or deceptive means to collect or attempt to collect any debt or to obtain information concerning a consumer." 15 U.S.C. § 1692e(10).

62. During one of PLAINTIFF's conversations with Coast, Coast stated that if PLAINTIFF pursued an administrative hearing to dispute the collection costs, then PLAINTIFF would no longer be eligible for a loan rehabilitation program.

63. Coast's statement was false: PLAINTIFF's eligibility for a loan rehabilitation program did not depend on his request for an administrative hearing.

64. Therefore, Coast used a false representation to collect or to attempt to collect a debt, and thereby violated 15 U.S.C. § 1692e(10).

65. As a result of the FDCPA violations by Coast, PLAINTIFF is entitled to an award of statutory damages.

66. It has been necessary for PLAINTIFF to obtain the services of an attorney to pursue this claim and PLAINTIFF is entitled to recover reasonable attorneys' fees therefor.

### FOURTH CLAIM FOR RELIEF

**VIOLATIONS OF THE FDCPA 15 U.S.C. § 1692f(1)
AGAINST COAST AND PIONEER
BROUGHT BY PLAINTIFF INDIVIDUALLY
AND ON BEHALF OF CLASS NUMBER FOUR**

67. PLAINTIFF repeats, re-alleges and incorporates by reference, paragraphs 1 through 66 inclusive, above.

68. A debt collector may not collect any amount "unless such amount is expressly authorized by the agreement creating the debt or permitted by law." 15 U.S.C. § 1692f(1).

69. On or about March 25, 2015, Pioneer sent PLAINTIFF a collection letter attempting to collect a principal balance of $50,569.29, $6,044.57 in interest and $12,868.79 in collection costs. *See* Ex. 1.

70. Upon information and belief, neither Sallie Mae nor LOSFA ever notified the bankruptcy court that they were assessing $12,868.79 in collection costs during the bankruptcy.

71. Further, PLAINTIFF was never sent a notice notifying him he had 60 days to "inspect and copy agency records pertaining to the loan obligation", an "opportunity for an administrative review of the legal enforceability or past-due status of the loan obligation" or

"an opportunity to enter into a repayment agreement" prior to assessment of the costs. *See* 34 C.F.R. § 682.410(b)(5)(E)(ii) and (b)(6)(ii).

72. Because PLAINTIFF did not receive the notices required by 34 C.F.R. § 682.410(b)(5)(E)(ii) and (b)(6)(ii), the $12,868.79 in collection costs were unauthorized and therefore not permitted by law. *See Bible v. United Student Aid Funds, Inc.*, 799 F.3d 633, 651 (7th Cir. 2015) (finding that where guaranty agency did not comply with 34 C.F.R. § 682.410 before adding collection costs, plaintiff adequately pled that guaranty agency breached contract and such costs are "unauthorized").

73. When Pioneer and Coast attempted to collect such unauthorized amounts, they both violated 15 U.S.C. § 1692f(1).

74. As a result of the FDCPA violations by Pioneer and Coast, PLAINTIFF is entitled to an award of statutory damages.

75. It has been necessary for PLAINTIFF to obtain the services of an attorney to pursue this claim and PLAINTIFF is entitled to recover reasonable attorneys' fees therefor.

### FIFTH CLAIM FOR RELIEF

**VIOLATIONS OF THE FDCPA 15 U.S.C. § 1692g(a) AGAINST PIONEER AND COAST BROUGHT BY PLAINTIFF INDIVIDUALLY AND ON BEHALF OF CLASS NUMBER FIVE**

76. PLAINTIFF repeats, re-alleges and incorporates by reference, paragraphs 1 through 75 inclusive, above.

77. Within five days after its initial communication with a consumer, a debt collector must send a written notice to the consumer containing:

    (1) the amount of the debt;

    (2) the name of the creditor to whom the debt is owed;

> (3) a statement that unless the consumer, within thirty days after receipt of the notice, disputes the validity of the debt, or any portion thereof, the debt will be assumed to be valid by the debt collector;
>
> (4) a statement that if the consumer notifies the debt collector in writing within the thirty-day period that the debt, or any portion thereof, is disputed, the debt collector will obtain verification of the debt or a copy of a judgment against the consumer and a copy of such verification or judgment will be mailed to the consumer by the debt collector; and
>
> (5) a statement that, upon the consumer's written request within the thirty-day period, the debt collector will provide the consumer with the name and address of the original creditor, if different from the current creditor.

15 U.S.C. § 1692g(a).

78. On or about March 6, 2015, Pioneer called PLAINTIFF in an attempt to collect a consumer debt.

79. On or about March 25, 2015, Pioneer sent PLAINTIFF an initial collection letter attempting to collect a principal balance of $50,569.29, $6,044.57 in interest and $12,868.79 in collection costs. *See* Ex. 1.

80. The March 25, 2015 letter was the first letter that PLAINTIFF received from Pioneer.

81. By sending its first collection letter more than five days after its initial communication with PLAINTIFF on March 5, 2015, Pioneer violated 15 U.S.C. § 1692g(a).

82. On or about November 4, 2015, Coast called PLAINTIFF in an attempt to collect the same student loan debt.

83. Coast advised PLAINTIFF that it was sending him a collection letter regarding the alleged debt.

84.   On or about November 16, 2015, PLAINTIFF received a letter dated November 4, 2015 entitled Notice Prior to Wage Withholding. *See* Ex. 2.

85.   The November 4, 2015 letter is purportedly from LOSFA.

86.   However, upon information and belief, Coast actually sent the November 4, 2015 letter.

87.   This is the first letter that PLAINTIFF received from Coast.

88.   By sending its first collection letter more than five days after its initial communication with PLAINTIFF on November 4, 2015, Coast violated 15 U.S.C. § 1692g(a).

89.   On or about November 30, 2015, PLAINTIFF c/o undersigned counsel received a collection letter, entitled Initial Demand and seeking collection of the principal balance of $50,569.29, $8,673.11 in interest and $12,199.43 in collection costs. *See* Ex. 3.

90.   If this was Coast's initial letter, it was also sent more than five days after Coast's initial communication with PLAINTIFF on November 4, 2015.

91.   As a result of the FDCPA violations by Pioneer and Coast, PLAINTIFF is entitled to an award of statutory damages.

92.   It has been necessary for PLAINTIFF to obtain the services of an attorney to pursue this claim and PLAINTIFF is entitled to recover reasonable attorneys' fees therefor.

**DEMAND FOR JURY TRIAL**

93.   Please take notice that PLAINTIFF demands trial by jury in this action.

**PRAYER FOR RELIEF**

WHEREFORE, PLAINTIFF respectfully prays that this Court grant the following relief in PLAINTIFF'S favor, and on behalf of the classes, and that judgment be entered against DEFENDANTS for the following:

(1)     For actual damages incurred by PLAINTIFF pursuant to 15 U.S.C. § 1692k(a)(1);

(2)     For statutory damages awarded to PLAINTIFF, not to exceed $1000, pursuant to 15 U.S.C. § 1692k(a)(2)(A);

(3)     For statutory damages awarded to the Class Members, pursuant to 15 U.S.C. § 1692k(a)(2)(B), of the amount not to exceed the lesser of $500,000 or 1 per centum (1%) of the net worth of the DEFENDANTS;

(4)     For reasonable attorneys' fees for all services performed by counsel in connection with the prosecution of these claims;

(5)     For reimbursement for all costs and expenses incurred in connection with the prosecution of these claims; and

(6)     For any and all other relief this Court may deem appropriate.

DATED this 4th day of March 2016.

**GESUND AND PAILET, LLC**

*/s/ Keren E. Gesund, Esq.*
Keren E. Gesund, Esq.
Louisiana Bar No. 34397
3421 N. Causeway Blvd., Suite 805
Metairie, LA  70002
Tel: (504) 836-2888
Fax: (504) 265-9492
keren@gp-nola.com
Attorney for Plaintiff