UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

| | |
|---|---|
| **SCOTT N. MASSON** | **CIVIL ACTION** |
| **VERSUS** | **NO. 16-1887** |
| **PIONEER CREDIT RECOVERY, INC., ET AL.** | **SECTION "B"(1)** |

ORDER AND REASONS

I.   NATURE OF MOTION AND RELIEF SOUGHT

Before the court is Plaintiff's "Motion for Partial Summary Judgment" (Rec. Doc. 73), Defendant's, Coast Professional, Inc.'s "Opposition to Plaintiff's Motion for Partial Summary Judgment" (Rec. Doc. 74) and Defendant's, "Cross Motion for Summary Judgment" (Rec. Doc. 79) and Plaintiff's "Opposition to Defendant's Cross Motion for Summary Judgment" (Rec. Doc. 84), **IT IS ORDERED** that the Plaintiff's Motion for Partial Summary Judgment is **GRANTED** and **IT IS FURTHER ORDERED** that Defendant's Cross Motion for Summary Judgment is **DENIED**.

II.  FACTS AND PROCEDURAL HISTORY

Plaintiff, Scott N. Masson, filed this case as a class action against Defendant Coast Professional Inc. alleging that the sending, or causing to be sent, of collection letters stating, "collection costs are assessed to student loan debt 60 days after the default claim purchase" violated the Fair Debt Collection Practices Act, 15 § U.S.C. 1962 *et seq* ("FDCPA").

1

Plaintiff alleges that this language is false and misleading and that there is a notice requirement that must be met before costs can be assessed after the default claim purchase.

This Court granted the Plaintiff's motion for Class Certification (Rec. Doc. 86) and currently before this Court are the parties Cross Motions for Summary Judgment.

### III. PARTIES CONTENTIONS

Plaintiff in his Motion for Partial Summary Judgment contends that the letters the Defendant sent to consumers are false and misleading in violation of the FDCPA. Plaintiff argues that collection costs cannot be assessed until sixty days after the student loan debtor has received notice that the guaranty agency purchased the default claim, not sixty days after the default claim is purchased.

Defendant argues in its Cross Motion for Summary Judgment that the language in their debt collection letters comply with the FDCPA and that the letters are not false or misleading under federal law and regulations.

### IV. FACTUAL AND LEGAL FINDINGS

Summary judgment is proper if the pleadings, depositions, interrogatory answers, and admissions, together with any affidavits, show that there is no genuine issue as to any material fact and that the moving party is entitled to judgment as a matter of law. Fed. R. Civ. P. 56; *see also Celotex Corp. v. Catrett*,

477 U.S. 317, 327 (1986). A genuine issue exists if the evidence would allow a reasonable jury to return a verdict for the nonmovant. *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248 (1986). Although the Court must consider the evidence with all reasonable inferences in the light most favorable to the nonmoving party, the nonmovant must produce specific facts to demonstrate that a genuine issue exists for trial. *Webb v. Cardiothoracic Surgery Assocs. of N. Texas*, 139 F.3d 532, 536 (5th Cir. 1998).

The moving party bears the initial responsibility of informing the district court of the basis for its motion. *Celotex*, 477 U.S. at 323. The movant must point to "portions of 'the pleadings, depositions, answers to interrogatories, and admissions on file, together with affidavits' which it believes demonstrate the absence of a genuine issue of material fact." *Id.* (citing Fed. R. Civ. P. 56). If and when the movant carries this burden, the nonmovant must then go beyond the pleadings and use affidavits, depositions, interrogatory responses, admissions, or other evidence to establish a genuine issue. *Matsushita Elec. Indus. Co. v. Zenith Radio Corp.*, 475 U.S. 574, 586 (1986).

"[W]here the non-movant bears the burden of proof at trial, the movant may merely point to an absence of evidence, thus shifting to the non-movant the burden of demonstrating by competent summary judgment proof that there is an issue of material fact warranting trial. . . . Only when 'there is sufficient evidence

3

favoring the nonmoving party for a jury to return a verdict for that party' is a full trial on the merits warranted." *Lindsey v. Sears Roebuck and Co.*, 16 F.3d 616, 618 (5th Cir. 1994) (citations omitted). Accordingly, conclusory rebuttals of the pleadings are insufficient to avoid summary judgment. *Travelers Ins. Co. v. Liljeberg Enter., Inc.*, 7 F.3d 1203, 1207 (5th Cir. 1993).

### A. Fair Debt Collection Practices Act

The Fair Debt Collection Practices Act was enacted "to eliminate abusive debt collection practices by debt collectors, to insure that those debt collectors who refrain from using abusive debt collection practices are not competitively disadvantaged, and to promote consistent State action to protect consumers against debt collection abuses." 15 U.S.C. § 1692(e). Under the Fair Debt Collection and Practices Act, 15 U.S.C. §1692 *et seq* ("FDCPA"), "a debt collector may not use any false, deceptive, or misleading representation or means in connection with the collection of any debt." Furthermore, "the FDCPA does not ordinarily require proof of intentional violation and, as a result, is described by some as a strict liability statute." *LeBlanc v. Unifund CCR Partners*, 601 F.3d 1185, 1190, (11th Cir. 2010).

### B. Coast Professional Inc.'s Debt Collection Letter

It is undisputed that the Defendant sent Plaintiff a letter regarding collection of debt containing the aforementioned language (Rec. Docs. 73-2 and 79-2). Plaintiff contends that the

4

Defendant's letters violate 15 U.S.C. §§ 1692e, e(5), e(10), and f(1) because they state "costs are assessed on your account 60 days after the default claim purchase" (Rec. Doc. 17-5). Plaintiff argues that according to the regulation collection costs cannot be assessed until sixty days after the student loan debtor has received notice that the guaranty agency has purchased the default claim. According to the Plaintiff, the Defendant's letters are false and misleading because they start the 60 day time period as soon as the default claim is purchased, leaving the consumer without the required statutory notice.

Plaintiff relies heavily on a Seventh Circuit opinion involving a borrower, alleging violations of the FDCPA, and disputing the propriety of collection costs sought by a guaranty agency. *Bible v. United Student Aid Funds, Inc.*, 799 F.3d 633, 641 (7th Cir.), *reh'g denied*, 807 F.3d 839 (7th Cir. 2015), *cert. denied*, 136 S. Ct. 1607 (2016). In *Bible* the Court explained, "when a borrower is first notified that a guaranty agency has paid a default claim on her loan, she has a 60-day window to request administrative review of the debt or to enter into a repayment agreement with the agency. If she does not take either action, the guaranty agency can then take collection actions against her, report her default to a consumer reporting agency, and assess collection costs against her in the amount specified by § 682.410(b)(2)." *Bible v. United Student Aid Funds*, Inc., 799 F.3d

5

633, 647. The Department of Education through an amicus brief filed in *Bible* further explained,

> The guarantor is required to "engage in reasonable and documented collection activities" on a loan for which it has paid a default claim. 34 C.F.R. § 682.410(b)(6)(i). Within forty-five days after paying a lender's default claim, id. § 682.410(b)(6)(ii), "but before it reports the default to a consumer reporting agency or assesses collection costs against a borrower," § 682.410(b)(5)(ii), the guarantor must, inter alia, provide the borrower with written notice that it has paid the default claim and inform the borrower of her rights to: request access to the guarantor's records; seek administrative review of the legal enforceability or past-due status of the loan; and an "opportunity enter into a repayment agreement on terms satisfactory to the agency." Id. §§ 682.410(b)(5)(ii)(A)-(D); 682.410(b)(5)(iv)(B); 682.410(b)(5)(vi). The guarantor must allow the borrower at least sixty days to exercise these options. Id. § 682.410(b)(5)(iv)(B).

Case No. 14-1806 (Rec. Doc. 33 at 9-10). The Department of Education after the *Bible* decision issued a guideline letter further emphasizing the notice requirement that guaranty agencies must follow.[1] Despite this evidence the Defendant argues that "the bible court incorrectly paraphrases the federal regulations" and that "an erroneous recitation of the law by a non-controlling Court of Appeals has no precedential value to the Court and must be disregarded" (Rec. Doc. 74). The Defendant argues that the Seventh Circuit incorrectly interpreted the regulations and that costs are measured after 60 days from the date that the notice is sent and not received. Regardless of whether the 60 day period is measured

---

[1] https://ifap.ed.gov/dpcletters/attachments/GEN1514.pdf

from the date the notice was sent or received, Coast's statement that "costs are assessed on your account 60 days after the default claim purchase" is false and misleading under *Bible* because collection costs can only begin 60 days after the notice was sent, not 60 days after the default claim purchase as the letter provides. Furthermore, the Defendant fails to proffer any case law or evidence regarding why their interpretation is more credible than that of the Seventh Circuit Court of Appeals. In addition, this Court find's the Defendant's interpretation unpersuasive given that a member of the executive branch, the Department of Education, has weighed in on this topic and adds additional credibility the Seventh Circuit's reasoning. The Defendant also argues that the facts of the *Bible* case are distinguishable from the present matter. Nonetheless, the instant case hinges upon the law and not the facts. There is no issue of disputed material fact regarding whether or not the Defendant sent the Plaintiff a letter with the previously mentioned language regarding debt collection. The dispute is whether or not that language legally violates the FDCPA. This Court finds that the Seventh Circuit's opinion on that matter is instructive.

Defendant argues that even if the letter violates the FDCPA, Plaintiff cannot show that the letter caused concrete injury. This court disagrees. As the United States Supreme Court has explained,

"concrete is not, however, necessarily synonymous with tangible. Although tangible injuries are perhaps easier to recognize, we have confirmed in many of our previous cases that intangible injuries can nevertheless be concrete." *Spokeo, Inc. v. Robins*, 136 S. Ct. 1540, 1549 (2016) (internal quotations omitted). In particular, the Ninth Circuit has found there to be standing when a Plaintiff received collection letters allegedly in violation of the FDCPA. *Tourgeman v. Collins Fin. Servs.*, 755 F.3d 1109, 1116 (9th Cir. 2014). This Court does not find Defendant's Opposition to the Plaintiff's Motion for Partial Summary Judgment or their Cross Motion for Summary Judgment to be legally persuasive and find that the Plaintiff's Motion for Partial Summary Judgement is compelling.

### V. CONCLUSION

For the reasons set forth above, **IT IS ORDERED** that the Plaintiff's Motion for Partial Summary Judgment is **GRANTED** and **IT IS FURTHER ORDERED** that Defendant's Cross Motion for Summary Judgment is **DENIED.**

New Orleans, Louisiana, this 1st day of March 2017.

_____
SENIOR UNITED STATES DISTRICT JUDGE