UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

**SCOTT N. MASSON**                                          **CIVIL ACTION**

**VERSUS**                                                   **NO. 16-1887**

**PIONEER CREDIT RECOVERY,**                                 **SECTION "B"(1)**
**INC., ET AL.**

## FINAL JUDGMENT AND DISMISSAL WITH PREJUDICE

On April 22, 2016, Scott N. Masson ("Plaintiff" or "Class Representative") filed an Amended Class Action Complaint (Doc. 17) (the "Lawsuit"), asserting claims against Coast Professional, Inc. ("Coast" or "Defendant"), under the Fair Debt Collection Practices Act ("FDCPA"), 15 U.S.C. § 1692, *et seq.* Coast denied all liability alleged in the Lawsuit.

After extensive arm's-length negotiations, the Parties entered into a Class Action Settlement Agreement (the "Agreement"), which is subject to review under Fed. R. Civ. P. 23. The proposed class action settlement relates to all claims in the Lawsuit.

On or about April 28, 2017, the Plaintiff filed the Agreement, along with a Motion for Preliminary Approval of Class Settlement and Preliminary Determination on Class Certification (the "Preliminary Approval Motion"). (Doc. 106). In compliance with the Class Action Fairness Act of 2005, 28 U.S.C. §1715, the record

reflects that Coast served written notice of the proposed class settlement on May 15, 2017.

On May 8, 2017, upon consideration of the Preliminary Approval Motion and the record, the Court entered an order of preliminary approval of class action settlement and a preliminary determination of class action status (hereinafter referred to as the "Preliminary Approval Order"). (Doc. 107).

Pursuant to the Preliminary Approval Order, the Court, among other things, (i) made a preliminary determination (for settlement purposes only) that the elements for class certification under Fed. R. Civ. P. 23 had been met; (ii) preliminarily approved the proposed settlement; (iii) preliminarily appointed plaintiff Scott N. Masson as the Class Representative; (iv) preliminarily appointed Keren E. Gesund of Gesund and Pailet, LLC, and O. Randolph Bragg of Horwitz, Horwitz & Associates, as counsel for the Class Members; (v) set the date and time of the Fairness Hearing; and (vi) directed the sending of notice. (Doc. 107). Pursuant to a joint request from Plaintiff and Defendant, the Court issued an Order on May 22, 2017, which revised the date and time of the Final Fairness Hearing and the deadlines for sending of the notice. (Doc. 109).

On September 20, 2017, a Motion for Final Approval of Class Action Settlement was filed (hereinafter referred to as the "Final Approval Motion"). (Doc. 110).

On October 3, 2017, an Unopposed Motion for Approval of Plaintiff's Incentive Award & Damages and Plaintiff's Attorneys' Fees and Costs was filed. (Rec. Doc. 113).

On October 17, 2017, after notice, a Fairness Hearing was held pursuant to Fed. R. Civ. P. 23 to determine whether the Lawsuit satisfied the applicable prerequisites for class action treatment and whether the proposed settlement is fundamentally fair, reasonable, adequate, in the best interest of the settling class members and should be approved by the Court.

The Court has read and considered the Agreement and record. Accordingly,

**IT IS ORDERED** that:

1. All capitalized terms used herein have the meanings defined herein and/or in the Agreement.

2. The Court has jurisdiction over the subject matter of the Class Action and over all settling parties hereto.

3. <u>CLASS MEMBERS</u> - Pursuant to Fed. R. Civ. P. 23(b)(3), the Lawsuit is hereby finally certified as a class action on behalf of the following class of plaintiffs (hereinafter referred to as the "Class Members") with respect to the claims asserted in the Lawsuit: All persons with addresses in the United States, who were sent one or more letter(s) from Coast attempting to collect a consumer debt, which letter(s) stated that "costs are assessed on your account 60

days after the default claim purchase", which bore a send date between March 4, 2015 and March 4, 2016.

4. <u>CLASS REPRESENTATIVE AND CLASS COUNSEL APPOINTMENT</u>- Pursuant to Fed. R. Civ. P. 23, the Court finally certifies Plaintiff Scott N. Masson as the Class Representative for the Class Members and Keren E. Gesund of Gesund and Pailet, LLC, and O. Randolph Bragg of Horwitz, Horwitz & Associates, as Class Counsel for the Class Members.

5. <u>FINAL CLASS CERTIFICATION</u> - The Court finds that the Lawsuit satisfies the applicable prerequisites for class action treatment under Fed. R. Civ. P. 23, namely:

   a. At approximately 4,058 individuals, the Class Members are so numerous that joinder of all of them in the Lawsuit is impracticable;

   b. There are questions of law and fact common to the Class Members, which predominate over any individual questions; the common questions include:

   - Whether Defendant's collection communication violates the Fair Debt Collection Practices Act by using unfair and unconscionable collection practices in connection with the collection of a debt in violation of 15 U.S.C. §§ 1692e, e(2)(A), e(5), e(10), f(1), and g(a).

- Whether and what amount of statutory damages are recoverable by Plaintiff and the Class Members for Defendant's violation.

In defense, Coast says that it acted lawfully, that its collection letter fully complied with of 15 U.S.C. §§ 1692e, e(2)(A), e (5), e (10), f(1), and g(a) of the Fair Debt Collection Practices Act.

    c. The claims of the Plaintiff are typical of the claims of the Class Members. All were subjected to the same practice;

    d. The Plaintiff and Class Counsel have fairly and adequately represented and protected the interests of all of the Class Members; and

    e. Class treatment of these claims will be efficient and manageable, thereby achieving an appreciable measure of judicial economy.

6. The Court finds that the settlement of the Lawsuit, on the terms and conditions set forth in the Agreement, is in all respects fundamentally fair, reasonable, adequate, and in the best interest of the Class Members, especially in light of the benefits to the Class Members; the strength of the Plaintiffs case; the complexity, expense, and probable duration of further litigation; the risk and delay inherent in possible appeals; the risk of collecting any judgment

obtained on behalf of the class; and, the limited amount of any potential total recovery for the class.

7. NOTICES - Pursuant to the Court's Preliminary Approval Orders, the approved class action notice was mailed to the Class Members. The forms and methods for notifying the Class Members of the settlement and its terms and conditions were in conformity with this Court's Preliminary Approval Orders and satisfied the requirements of Fed. R. Civ. P. 23(c)(2)(B) and due process, and constituted the best notice practicable under the circumstances. The Court finds that the notice was clearly designed to advise the Class Members of their rights.

8. SETTLEMENT TERMS - The Agreement, which is Rec. Doc. 106-3 and shall be deemed incorporated herein, and the proposed settlement are finally approved and shall be consummated in accordance with the terms and provisions thereof, except as amended by any order issued by this Court. The Parties are hereby directed to perform the terms of the Agreement.

9. ATTORNEY FEES - The Court has considered Class Counsel's application for counsel fees and costs. The costs for which reimbursement is sought appear to be fair, reasonable and adequately documented, and are approved. Class counsel's detailed application for fees has been reviewed and the time spent appears to be fair, reasonable and necessary for the effective prosecution of the case. The rates billed and the

time spent are supported and appear to be fair and reasonable. Defendants have agreed to pay statutory counsel fees and costs of $90,000.00, and Class Counsel has agreed to accept said sum, which is approved. Class Counsel fees and costs are approved in the aggregate amount of $90,000.00.

10. <u>OBJECTIONS AND EXCLUSIONS</u> - The Class Members were given an opportunity to object to the settlement. Zero Class Member(s) objected to the settlement. The Class Members were also given an opportunity to exclude themselves from the settlement. Zero Class Member(s) excluded themselves from the settlement.

11. This order is binding on all Class Members.

12. <u>RELEASE OF CLAIMS AND DISMISSAL OF LAWSUIT</u> - The Class Representative, Class Members, and their successors and assigns are permanently barred and enjoined from instituting or prosecuting, either individually or as a class, or in any other capacity, any of the Released Claims against any of the Released Parties, as set forth in the Agreement. Pursuant to the release contained in the Agreement, the Released Claims are compromised, settled, released, discharged, and dismissed with prejudice by virtue of these proceedings and this order, except as to executory obligations required by the Agreement.

13. The within matter shall be marked dismissed with prejudice.

14. This order is not an admission by Coast of any liability or wrongdoing in this or in any other proceeding.

15. The Court hereby retains continuing jurisdiction over the Parties and all matters relating to the Lawsuit and/or Agreement, including the administration, interpretation, construction, effectuation, enforcement, and consummation of the settlement and this order, for a reasonable time period.

New Orleans, Louisiana, this 17th day of October, 2017.

_____
SENIOR UNITED STATES DISTRICT JUDGE